GREGORY SOBOLSKI, Bar No. 267428
greg.sobolski@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

RICHARD FRENKEL, Bar No. 204133
rick.frenkel@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

GABRIEL BELL (*pro hac vice* pending)
gabriel.bell@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

*Attorneys for Plaintiff CoStar Realty Information, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSTAR REALTY INFORMATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> MODERN FONT APPLICATIONS LLC, <br><br> Defendant. | Case No. 5:21-cv-7521 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff CoStar Realty Information, Inc. ("CoStar") pleads the following claims for Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,886,421 ("'421 patent"), U.S. Patent No. 8,522,127 ("'127 patent"), and U.S. Patent No. 9,892,093 ("'093 patent") (collectively, the "Patents-in-Suit" (attached as Exhibits A – C) against Defendant Modern Font Applications LLC ("MFA"), and alleges as follows:

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

COMPLAINT FOR
DECLARATORY JUDGMENT
Case No.: 5:21-cv-7521

## NATURE OF THE ACTION

1. This declaratory judgment action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. CoStar seeks a declaratory judgment that it has not infringed, induced others to infringe, or contributed to the infringement by others of the Patents-in-Suit, literally or under the Doctrine of Equivalents, and such other relief as the Court deems just and proper.

## THE PARTIES

3. CoStar is a leading provider of commercial real estate information, analytics, and online property marketplaces. CoStar owns a number of digital marketplaces containing listings of real estate *for* sale and for lease. CoStar's LoopNet.com website ("LoopNet") is the leading digital marketplace for commercial real estate in the United States.

4. CoStar is a Delaware corporation with a principal place of business in Washington, D.C.

5. On information and belief, MFA is a Utah limited liability corporation with a principal place of business located at 299 S. Main Street, Suite 1300, Salt Lake City, Utah 84111.

6. On information and belief, MFA is an exclusive licensee of the Patents-in-Suit and owns all substantial rights in them. On information and belief, MFA's revenue and activities are comprised substantially of patent assertion and licensing.

7. On information and belief, the Patents-in-Suit are owned by Clantech Inc., which does not have any right to enforce or license the Patents-in-Suit.

## BACKGROUND

8. On or around June 18, 2021, MFA sent CoStar the certified letter attached as Exhibit D (the "threat letter"). The threat letter alleges, *inter alia*, that it gives "formal notice that Loopnet Inc. ('you') are infringing" the Patents-in-Suit. (Ex. D at 3.)

9. MFA's threat letter was signed by Andrew Oliver, who, on information and belief and as detailed below, acts as MFA's in-house counsel and is based in this District.

10. MFA's threat letter identified the "Real Estate application for iOS devices (including version 6.7 released April 26, 2021)," "Commercial Real Estate Search application for

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

COMPLAINT FOR
DECLARATORY JUDGMENT
Case No.: 5:21-cv-7521

Android devices (including version 6.6.3 released April 5, 2021)," and LoopNet's "website at the domain name loopnet.com (including the home page as available on May 1, 2021)" (collectively, the "CoStar Accused Applications"). (Ex. D at 3.)

11. The threat letter alleges that the CoStar Accused Applications infringe "at least claim 1, 6, and 11" of the '421 patent, "at least claims 1 and 26" of the '127 patent, and "claims 1, 10, and 18" of the '093 patent." (Ex. D at 3-4.)

12. The threat letter alleges that "MFA prefers to resolve such infringement through licensing so that both you and MFA can avoid the expense and inconvenience of a patent infringement lawsuit." (Ex. D at 4.)

13. The threat letter alleges that "[h]owever, where necessary, MFA has brought patent infringement lawsuits against several companies in various industries," and proceeds to identify various lawsuits. (Ex. D at 4.)

14. The threat letter alleges that "infringement damages have been accruing since at least June 2018." (Ex. D at 4.)

15. While the MFA threat letter is addressed, and refers, to "LoopNet, Inc.," there is no such entity. LoopNet, Inc. merged with CoStar Realty Information, Inc. in December 2016.

16. CoStar has physical locations and conducts activities throughout California, including offices in San Francisco and San Jose with sales and marketing activities that relate to LoopNet.

## JURISDICTIONAL STATEMENT

17. The Court has subject matter jurisdiction over CoStar's declaratory judgment claims relating to patent non-infringement under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

18. MFA's threat of patent infringement litigation creates an actual and justiciable controversy and threat of litigation regarding non-infringement between the parties.

19. The Court has personal jurisdiction over MFA based at least on its sufficient minimum contacts within California, including in this District.

20. CoStar incorporates paragraphs 4-16.

21. The threat letter sent to CoStar was signed by Mr. Andrew Oliver.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

COMPLAINT FOR
DECLARATORY JUDGMENT
Case No.: 5:21-cv-7521

22. On information and belief, Mr. Oliver is located and lives in California in this District.

23. On information and belief, Mr. Oliver is a lawyer admitted to practice in California (Exhibit E) and advises MFA in an in-house counsel role, including from his location in San Jose, California.

24. On information and belief, Mr. Oliver acts directs MFA's patent assertion operations.

25. On information and belief, Mr. Oliver directs, organizes, and/or operates MFA's patent infringement and licensing activities, including at least by: (i) preparing and transmitting the CoStar threat letter described above and (ii) preparing and transmitting a threat letter to Coinbase, Inc. ("Coinbase"), as described below.

26. On information and belief, on or around June 18, 2021, MFA sent a threat letter regarding the Patents-in-Suit signed by Mr. Oliver to Coinbase, a corporation with physical offices in this District in San Francisco, CA and Redwood City, CA. Coinbase has filed a Complaint for Declaratory Judgment of Non-Infringement in this District regarding the Patents-in-Suit against MFA. (Exhibit F.)

27. In addition, on information and belief, Mr. Oliver is involved in directing and/or has been involved in directing the patent infringement claims asserted against other various California-based defendants, such as El Pollo Loco, Inc. (*Modern Font Applications LLC v. El Pollo Loco, Inc.*, No. 8:19-cv-01699 (C.D. Cal.)), The Habit Restaurants, LLC, BJ's Restaurants, Inc., and Dine Brand Global, Inc. (*Modern Font Applications LLC v. The Habit Restaurants, Inc.*, No. 8:19-cv-01690 (C.D. Cal.)).

28. On information and belief, Mr. Oliver has sent one or more communications, including one or more threat letters, into California on behalf of MFA.

29. On information and belief, MFA has obtained revenue in and from California and this District, based at least on licensing the Patents-in-Suit.

30. Based on the above, MFA has the requisite minimum contacts with California and this District for the Court to exercise personal jurisdiction consistent with the California long-arm

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

COMPLAINT FOR
DECLARATORY JUDGMENT
Case No.: 5:21-cv-7521

statute (Cal. Code Civ. Proc. § 410.10) and federal Constitutional notions of fair play and substantial justice.

## VENUE

31. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the acts giving rise to CoStar's claims occurred in this District and because MFA is subject to personal jurisdiction in this District.

## INTRADISTRICT ASSIGNMENT

32. Under Civil Local Rule 3-2(c), this patent action may be assigned throughout the District.

33. On information and belief, MFA's counsel, Mr. Oliver, is based in the San Jose division.

## COUNT I

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,886,421

34. CoStar restates each of the allegations in paragraphs 1-33.

35. A copy of the '421 patent is attached as Exhibit A.

36. CoStar has not infringed and does not infringe any claim of the '421 patent, directly or indirectly, literally or under the Doctrine of Equivalents, as shown in the non-limiting examples below.

37. The CoStar Accused Applications do not infringe, directly or indirectly, claim 1 of the '421 patent because, at a minimum, they do not practice the following claim limitations literally or under the Doctrine of Equivalents:

    a. "the font package separate from the computer executable instructions for identifying the plurality of display characters for display;" and/or

    b. "an exposure module for installation of the one or more external font files in a temporary fonts directory on the hand-held device;" and/or

    c. "wherein in response to the one or more external font files being installed, a system font table of the hand-held device is updated to reflect an availability of the external font files."

5

COMPLAINT FOR
DECLARATORY JUDGMENT
Case No.: 5:21-cv-7521

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

38. The CoStar Accused Applications do not infringe, directly or indirectly, claim 6 of the '421 patent because, at a minimum, they do not practice the following claim limitations literally or under the Doctrine of Equivalents:

    a. "a font package separate from the application file of the network document and referenced by the computer executable instructions of the network document, the font package comprising computer readable formatting information for the operating system of the hand-held device to render the at least one display character using the font and for other applications controlled by the operating system of the hand-held device to render the at least one display character using the font;" and/or

    b. "installing the computer readable formatting information of the font package in a temporary fonts directory on the hand-held device so as to enable a program module of the operating system of the hand-held device to render the at least one display character using the font, wherein when the at least one display character is displayed, the at least one display character is displayed using the computer readable formatting information installed in the temporary fonts directory" and/or

    c. "updating a system font table of the hand-held device to reflect an availability of the font."

39. The CoStar Accused Applications do not infringe, directly or indirectly, claim 11 of the '421 patent because, at a minimum, they do not practice the following claim limitations literally or under the Doctrine of Equivalents:

    a. "cause the exposure module to install at least a portion of the font package to a temporary fonts directory of the hand-held device so that a program module of the hand-held device can render the at least one display character using the font;" and/or

    b. "cause a system font table of the hand-held device to be updated to reflect an availability of the font."

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

COMPLAINT FOR
DECLARATORY JUDGMENT
Case No.: 5:21-cv-7521

40. CoStar has never had any intent to cause the end users of its website or mobile application or anyone else to infringe the '421 patent.

41. There is an actual and justiciable controversy between CoStar and MFA concerning non-infringement of the '421 patent.

42. CoStar should obtain a declaratory judgment that the CoStar Accused Applications do not directly or indirectly infringe the '421 patent, either literally or under the Doctrine of Equivalents.

## COUNT II

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 8,522,127

43. CoStar restates each of the allegations in paragraphs 1-33.

44. A copy of the '127 patent is attached as Exhibit B.

45. CoStar has not infringed and does not infringe any claim of the '127 patent, directly or indirectly, literally or under the Doctrine of Equivalents, as shown in the non-limiting examples below.

46. The CoStar Accused Applications do not infringe, directly or indirectly, claim 1 of the '127 patent because, at a minimum, they do not practice the following claim limitations:

    a. "an exposure module comprising instructions for retrieval and installation of the exposure module on the second browsing computer from the first computer and for installation or exposure of the font package to the second browsing computer from the first computer responsive to the first computer receiving a request for the font package from the second browsing computer so that the second browsing computer can render the display character using the identified font, whereby when the display character is displayed, the display character is displayed using the exact same font."

47. The CoStar Accused Applications do not infringe, directly or indirectly, claim 26 of the '127 patent because, at a minimum, they do not practice the following claim limitations:

    a. "a reference to a font package separate from the network document, the font package comprising computer readable formatting information … necessary for other applications controlled by the operating system of the computer to also

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

COMPLAINT FOR
DECLARATORY JUDGMENT
Case No.: 5:21-cv-7521

      render the display character using the identified font, whereby when the display character is displayed in the network document or by the other applications, the display character is displayed using the exact same original font information;" and/or

    b. "the computer providing an adaptation module for translation of function calls and returns in order to provide communication capabilities with other applications running on the operating system."

48. CoStar has never had any intent to cause the end users of its website or mobile application or anyone else to infringe the '127 patent.

49. There is an actual and justiciable controversy between CoStar and MFA concerning non-infringement of the '127 patent.

50. CoStar should obtain a declaratory judgment that the CoStar Accused Applications do not directly or indirectly infringe the '127 patent, either literally or under the Doctrine of Equivalents.

## COUNT III

**Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,892,093**

51. CoStar restates each of the allegations in paragraphs 1-33.

52. A copy of the '093 patent is attached as Exhibit C.

53. CoStar has not infringed and does not infringe any claim of the '093 patent directly or indirectly, either literally or under the Doctrine of Equivalents, as shown in the non-limiting examples below.

54. The CoStar Accused Applications do not infringe, directly or indirectly, claims 1, 10, and 18 of the '093 patent because, at a minimum, they do not practice the following claim limitations:

    a. "update[] a system font table of the operating system to include information about the font file."

55. CoStar has never had any intent to cause the end users of its website or mobile application or anyone else to infringe the '093 patent.

56. There is an actual and justiciable controversy between CoStar and MFA concerning non-infringement of the '093 patent.

57. CoStar should obtain a declaratory judgment that the CoStar Accused Applications do not directly or indirectly infringe the '093 patent, either literally or under the Doctrine of Equivalents.

**PRAYER FOR RELIEF**

WHEREFORE, CoStar respectfully prays for judgment in favor of CoStar and against MFA, as follows:

1. For a judicial determination and declaration that CoStar has not infringed and is not infringing, directly or indirectly, literally or under the Doctrine of Equivalents, any claim of the '421 patent;

2. For a judicial determination and declaration that CoStar has not infringed and is not infringing, directly or indirectly, literally or under the Doctrine of Equivalents, any claim of the '127 patent;

3. For a judicial determination and declaration that CoStar has not infringed and is not infringing, directly or indirectly, literally or under the Doctrine of Equivalents, any claim of the '093 patent;

4. For injunctive relief against MFA from instituting any action against CoStar asserting infringement of the Patents-in-Suit, or for representing that CoStar's products or services, or use of them by others, infringes the Patents-in-Suit.

5. For a declaration that this case is exceptional under 35 U.S.C. § 285 and for an award of attorneys' fees and costs in this action; and

6. For such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

CoStar respectfully demands a jury trial in this action on all issues so triable.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

COMPLAINT FOR
DECLARATORY JUDGMENT
Case No.: 5:21-cv-7521

Dated: September 27, 2021

LATHAM & WATKINS, LLP

By: */s/ Gregory K. Sobolski*
GREGORY K. SOBOLSKI, Bar No. 267428
greg.sobolski@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391.0600
Facsimile: (415) 395.8095

RICHARD G. FRENKEL, Bar No. 204133
rick.frenkel@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
Facsimile: (650) 463-2600

GABRIEL BELL (*pro hac vice* pending)
gabriel.bell@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201

*Attorneys for Plaintiff CoStar Realty Information, Inc.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

COMPLAINT FOR
DECLARATORY JUDGMENT
Case No.: 5:21-cv-7521