UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COSTAR REALTY INFORMATION, INC.,

Plaintiff,

v.

MODERN FONT APPLICATIONS LLC,

Defendant.

Case No. 21-cv-07521-VC

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS THE AMENDED COUNTERCLAIMS**

Re: Dkt. No. 106

CoStar's motion to dismiss is granted. The asserted claims in the '127 patent are invalid under 35 U.S.C. § 101. Modern Font's counterclaims are dismissed with prejudice. This ruling assumes the reader's familiarity with the facts, the applicable legal standards, and the arguments made by the parties.

1. The patent is drawn to the abstract idea of one computer providing another with font data for it to display. It claims a system comprising the following features: Computer A (a "browsing computer") opens a network document (e.g., a webpage on the Internet) that contains a nonstandard font. Computer B (a "server") transmits a font package containing "formatting information" that will allow Computer A to render the font characters, as well as an "exposure module" that instructs Computer A to install the font information. As a result, Computer A can accurately display the nonstandard font characters, even though the font was not previously loaded on Computer A. The claims describe the invention in generic, results-based terms and offer little explanation of how any component in the system performs its intended functions. *See Hawk Technology Systems, LLC v. Castle Retail, LLC*, 60 F.4th 1349, 1357–58 (Fed. Cir.

2023). It's true that an invention's ability to run on a general-purpose computer does not, alone, doom a patent's claims. *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1338 (Fed. Cir. 2016). But "the steps of obtaining, manipulating, and displaying data, particularly when claimed at a high level of generality, are abstract concepts." *AI Visualize, Inc. v. Nuance Communications, Inc.*, 97 F.4th 1371, 1378 (Fed. Cir. 2024). The '127 patent's method of transmitting and displaying font information is analogous to other data manipulation and display processes that the Federal Circuit has deemed abstract concepts. *See, e.g.*, *id.* at 1378–79 (invalidating claims directed to the visualization of medical scans by a process that determines which frames of a virtual view are stored locally, creates additional frames, and then compiles the locally-stored and newly-received frames to create and display a virtual view); *GoTV Streaming, LLC v. Netflix, Inc.*, 166 F.4th 1053, 1063–67 (Fed. Cir. 2026) (invalidating claims directed to the rendering of visual content on device screens with display specifications tailored to the capabilities of the device).

2. The claims lack an inventive concept that would "transform" this abstract idea into a "patent-eligible application." *See Alice Corp. v. CLS Bank International*, 573 U.S. 208, 221 (2014). The claims use "functional, result-focused language" and "encompass ordinary computers and networks to perform their ordinary functions in carrying out an abstract idea." *GoTV Streaming*, 166 F.4th at 1067. Modern Font argues that the patent is inventive because it effects technological improvements through the non-conventional and non-generic arrangement of known components. *See* Dkt. No. 108, at 5–6. But Modern Font doesn't explain *how* the arrangement of generic computer processes is non-conventional and thus inventive. It just says that it is. Such conclusory allegations—which appear to identify the alleged inventive concepts in the claims as "no more than the abstract ideas themselves"—cannot defeat a motion to dismiss. *AI Visualize*, 97 F.4th at 1380.

3. Modern Font repeatedly asserts that the patent is valid because it effected a major improvement in how computers display nonstandard fonts. These assertions as to the method's novelty and usefulness—even if true—do not change the analysis. *See Bridge & Post, Inc. v.*

*Verizon Communications, Inc.*, 778 F. App'x 882, 892 (Fed. Cir. 2019) ("Where a claim's 'essential advance' is abstract, a novel method of performing that advance 'does not avoid the problem of abstractness.'" (quoting *Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1263 (Fed. Cir. 2016)); *Synopsys, Inc. v. Mentor Graphics Corp.*, 839 F.3d 1138, 1151 (Fed. Cir. 2016) ("[A] claim for a *new* abstract idea is still an abstract idea."). Further, simply pointing to deficiencies in prior processes does not establish patent eligibility, as Modern Font fails to sufficiently recite "*how* the purported invention improved the functionality of a computer." *Koninklijke KPN N.V. v. Gemalto M2M GmbH*, 942 F.3d 1143, 1152 (Fed. Cir. 2019).

4. Dismissal is with prejudice. Modern Font's request for leave to amend is denied because no amendment to the complaint would cure the problems with the claims. *See Sanderling Management Ltd. v. Snap Inc.*, 65 F.4th 698, 706 (Fed. Cir. 2023). Even if Modern Font is right that CoStar incorrectly describes the asserted claims, its own characterizations fare no better under the Federal Circuit caselaw cited in this order. Instead, they too describe—albeit with more jargon—the abstract process of "converting data and using computers to collect, manipulate, and display the data." *AI Visualize*, 97 F.4th at 1378; *see* Dkt. 108, at 11–12. And while Modern Font vaguely suggests that it could assert other claims against CoStar, it doesn't identify how it could do so, and in any event it's hard to imagine how any of the patent's other claims could be valid.[1] Accordingly, dismissal with prejudice (that is, without leave to amend the counterclaims to plead additional facts regarding the contents of the asserted claims and/or to assert additional claims) is appropriate.

**IT IS SO ORDERED.**

Dated: August 3, 2026

VINCE CHHABRIA
United States District Judge

[1] The parties agree that MFA asserted only Claims 1 and 26 in its amended counterclaims.